[Crim. No. 10232. Third Dist. Nov. 19, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES MICHAEL SPURLOCK, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Roy M. Dahlberg, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James Ching and G. Michael Gates, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PARAS, J.—Defendant was convicted by a jury of three counts of selling marijuana (Health & Saf. Code, § 11360, subd. (a)), one count of offering to sell a controlled substance (Health & Saf. Code, § 11382), one count of cultivation of marijuana (Health & Saf. Code, § 11358), and one count of possession of marijuana for sale (Health & Saf. Code, § 11359). Challenging the court's definition of marijuana and its posttrial orders, defendant appeals.

This case is in part controlled by *People* v. *Van Alstyne* (1975) 46 Cal.App.3d 900 [121 Cal.Rptr. 363], which dealt with the question of the definition of "Cannabis sativa L." as used in Health and Safety Code section 11018. We decline the invitation of defendant to reconsider that decision and reject it. Nor are we inclined to limit its holding to marijuana containing tetrahydrocannabinol only; a careful reading of the court's analysis (at pp. 910-917), convinces us that such limitation was not intended. (See also *People* v. *Hamilton* (1980) 105 Cal.App.3d 113 [146 Cal.Rptr. 153].)

Defendant's 4-year sentence to state prison was stayed on March 2, 1979; he was placed on probation, the terms of which included 15 months in county jail with credit for 38 days previously served. The court also found defendant "not ineligible" for placement on a county work furlough program during confinement, at the option of the county probation officer. The court then informed defendant: "In the event that you are allowed to participate in a work furlough program, I will require that the Probation Officer consult with you upon a schedule to repay the County for the sums paid for court-appointed counsel. In the

event that you cannot agree, I will reserve jurisdiction to determine the matter within sixty days after your release from actual custody. In the event you are not included with any work furlough program, I will reserve jurisdiction to determine the matter within sixty days after your release from actual custody. In the event you are not included with any work furlough program, I will provide the Probation Office to notify the Clerk and the matter will thereupon go on calendar as a hearing to financial responsibility on the nearest court day sixty days after release from custody."

▮▮▮ Defendant contends the court erred in not following the statutory requirements for determining his financial liability for defense expenses (Pen. Code, § 987.8.)[1] We agree in part.

---

[1]Penal Code Section 987.8 reads: "(a) In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided. At a hearing, the defendant shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, and to confront and cross-examine adverse witnesses; disclosure of the evidence against the defendant, and a written statement of the findings of the court. If the court determines that the defendant has the present ability to pay all or part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. Execution may be issued on the order in the same manner as on a judgment in a civil action. The order to pay all or part of the costs shall not be enforced by contempt.

"(b) Prior to the furnishing of counsel or legal assistance by the court, the court shall give notice to the defendant that upon the conclusion of the criminal proceedings in the trial court, the court may, after a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. The court shall also give notice that, if the court determines that the defendant has such present ability, the court shall order him to pay all or part of such cost. The notice shall inform the defendant that the order shall have the same force and effect as a judgment in a civil action and shall be subject to execution.

"(c) Definitions: [¶] (1) The term 'legal assistance provided' means legal counsel and supportive services including, but not limited to, medical and psychiatric examinations, investigative services, expert testimony and any other form of services provided to assist the defendant in the preparation and presentation of the defendant's case. [¶] (2) The term 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided, and shall include, but not be limited to the defendant's: [¶] (i) Present financial position; [¶] (ii) Reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining reasonably discernible future financial position. Unless the court finds unusual circumstances,

■ Section 987.8 permits the trial court to conduct a hearing and determine the "present ability" of a defendant to pay all or a part of the cost of his legal representation "upon conclusion of the criminal proceedings." This latter phrase refers to the date of judgment, not the date when any sentence imposed has been fully served. (*People* v. *Barger* (1979) 97 Cal.App.3d 661 [158 Cal.Rptr. 825]; see *People* v. *Amor* (1974) 12 Cal.3d 20 [114 Cal.Rptr. 765, 523 P.2d 1173].)[2] ■ But it does not require that such hearing be held precisely on the date judgment is pronounced, because the statute also empowers the court to cause a county officer to make an inquiry into the subject or ability to pay, and presumably report back to the court; this cannot from a practical standpoint be done only on the day of judgment. We read into the statute an implication that the hearing must be held within a reasonable time after judgment, either before or after the court (if it chooses) designates a county officer to make an inquiry. And the statute provides for a potential second hearing on the subject, this one no later than six months after the judgment.

■ ■ ■■■ In determining a defendant's "present ability" to pay, the court may consider his future financial position in the ensuing six months following the hearing (Pen. Code, § 987.8, subd. (c)(2)(ii)). This of course contemplates his earnings from any source, including wages earned during work furlough, provided they are earned within six months following the hearing (either the first hearing or the second, or both).[3]

Until the 1971 statute was amended in 1978, it required the court to make its determination of the defendant's present ability to pay, at the

a defendant sentenced to state prison shall be determined not to have a reasonable discernible future financial ability to reimburse the costs of his defense; [¶] (iii) Likelihood that the defendant shall be able to obtain employment within a six month period from the date of the hearing. [¶] (iv) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided.

"(d) At any time during the pendency of the judgment rendered according to the terms of this section, a defendant against whom a judgment has been rendered may petition the rendering court to modify or vacate its previous judgment on the grounds of a change in circumstances with regard to the defendant's ability to pay the judgment. The court shall advise the defendant of this right at the time of rendering the judgment."

[2]*People* v. *Johnson* (1972) 27 Cal.App.3d 781 [104 Cal.Rptr. 75], apparently reached another conclusion.

[3]In that regard a fair reading of the statute, keeping in mind its objectives, indicates that the court may dispense with the first hearing and conduct one only, so long as it does so within six months of judgment.

conclusion of the criminal proceedings. (Stats. 1971, ch. 744, § 1, p. 1480; Stats. 1974, ch. 1199, § 1, p. 2589.) The 1974 amendment added a reference to a hearing and other due process rights previously read into the statute by the courts. (*Id.*, at § 2; *People* v. *Amor, supra,* 12 Cal.3d 20.) The 1978 amendment added the provision for a second hearing within six months and made such determination discretionary. (Stats. 1978, ch. 1134, § 1, p. 3486.)

■ Applying the foregoing to this case, we find no fault with the judge's direction that if defendant gets work furlough he is to try to work out a repayment arrangement with the probation officer. A voluntary arrangement, if it can be reached without coercion (there was no coercion here, for the work furlough possibility was not made contingent upon an agreement for reimbursement), is neither prohibited by the statute nor in any way contrary to public policy. Indeed, as with everything else controversial, it should be settled amicably if possible. ■ But the court erred in providing for a hearing 60 days after release from actual custody, since under any conceivable circumstances (short of a reduction in the confinement condition of the probation order, which the record does not show to have come about), such a hearing would have to take place over 6 months after the sentence. This the statute forbids.

The case is remanded to the trial court with directions to vacate the portion of its order herein found to be void. In all other respects the judgment is affirmed.

Regan, Acting P. J., and Evans, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 28, 1981.