[No. H009736. Sixth Dist. May 24, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM ROBERT TURNER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IIIA and IIIB.

**COUNSEL**

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ron S. Matthias and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MIHARA, J.—**

### I.

### Introduction

Defendant William Robert Turner appeals from a judgment of conviction entered upon his plea of nolo contendere to one count of the continuous sexual abuse of a child (Pen. Code, § 288.5) and an allegation that he

occupied a position of special trust and committed an act of substantial sexual conduct, rendering him presumptively ineligible for probation (Pen. Code, § 1203.066, subd. (a)(9)).

On appeal, defendant contends: (1) the court was unaware of its discretion to grant probation under Penal Code section 1203.066, subdivision (c); (2) the court's restitution order is improper in that it fails to specify the amount of restitution and identify the losses to be reimbursed; and (3) the court erred in imposing attorney fees because it failed to hold a hearing to determine defendant's ability to pay. For reasons stated below, we strike the court's attorney fee order. We reverse that portion of the judgment imposing restitution and remand for further proceedings on restitution only.

In the published portion of this opinion, we address the court's power, under Penal Code section 987.8, to correct an erroneous order imposing attorney fees after a successful appeal.

## II.

### Background

Defendant began molesting his stepdaughter when she was eight years old. The acts of molestation continued for a period of four years and included fondling the breasts and genitals of the victim, oral copulation, masturbation of defendant, and an attempt to perform an act of sexual intercourse. The molestations occurred once a week and continued until October 1991, when the victim's mother, M., discovered defendant in the act of molesting her daughter and telephoned the police.

When apprehended by the police, defendant stated that he did not know why he was molesting his stepdaughter, but "just [couldn't] help [him]self." He also indicated that he had been molested as a child by his own father. When interviewed the following morning, defendant told police the victim had been a willing participant. In a subsequent interview with the probation officer, however, defendant expressed remorse for his actions and admitted that he had verbally intimidated the victim, as his father had done with him. Defendant told the probation officer that his father had performed acts of sodomy and oral copulation upon him from the time he was eight years old until he left home at the age of seventeen.

When defendant appeared for judgment and sentence, the matter of probation eligibility was not addressed by the court or the parties. The court denied probation and imposed the midterm of imprisonment. It then ordered

defendant "to pay restitution to the victim for all losses sustained and attorney's fees in the sum of two hundred dollars ($200)."[1]

## III.

### DISCUSSION

### A, B*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *Attorney Fees*

Penal Code[8] section 987.8,[9] sets forth the statutory procedure by which a trial court may order a criminal defendant to reimburse the county for the

[1]The court imposed sentence as follows: "It's the judgment and order of the court in this matter that probation will be denied. The defendant will be committed to the California Department of Corrections for a period of twelve (12) years. [¶] . . . He is ordered to pay restitution to the victim for all losses sustained and attorney's fees in the sum of two hundred dollars ($200)."

*See footnote, *ante*, page 1690.

[8]All statutory references in part IIIC of the opinion are to the Penal Code.

[9]Section 987.8 states in relevant part: "(b) In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided. [¶] . . . [¶] (e)(5) . . . The order to pay all or a part of the costs may be enforced in the manner provided for enforcement of money judgments generally but may not be enforced by contempt. [¶] . . . [¶] (g) As used in this section: [¶] . . . [¶] (2) 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense. [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing. [¶] (D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant. [¶] (h) At any time during the pendency of the judgment rendered according to the terms of this section, a defendant against whom a judgment has been rendered may petition the rendering court to modify or vacate its previous judgment on the grounds of a change in circumstances with regard to the defendant's ability to pay the judgment. The court shall advise the defendant of this right at the time it renders the

costs of providing court-appointed counsel. Under the terms of the statute, the trial court may order a defendant to pay all or a portion of the costs of his legal representation if the court determines the defendant has the "present ability to pay" such costs "upon the conclusion of the criminal proceedings."[10] This latter phrase has been interpreted to refer to the date of judgment (*People* v. *Spurlock* (1980) 112 Cal.App.3d 323, 328 [169 Cal.Rptr. 320]; *People* v. *Barger* (1979) 97 Cal.App.3d 661 [158 Cal.Rptr. 825]), which, in a criminal case, constitutes the date on which the trial court orally pronounces sentence. (*People* v. *Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 [14 Cal.Rptr.2d 801, 842 P.2d 100].) The statute permits an additional hearing on defendant's ability to pay so long as it takes place within six months of the judgment. (§ 987.8, subd. (b); *People* v. *Spurlock, supra,* 112 Cal.App.3d at pp. 328-329.)

 In the instant case, the court ordered defendant to pay $200 in attorney fees for the services of the public defender. Defendant challenges the court's order on the ground that the court failed to first hold a hearing to determine his present ability to pay such costs as required under section 987.8, subdivision (b). The People concede that the court's order violated the statutory mandate, and we find their concession to be appropriate. The more difficult question, however, is whether the trial court retains jurisdiction to modify its order, following the issuance of our remittitur.

 It is the general rule that "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" (*People* v. *Perez* (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63]), thereby divesting the trial court of jurisdiction over anything affecting the judgment. (*People* v. *Lockridge* (1993) 12 Cal.App.4th 1752; 1757 [16 Cal.Rptr.2d 340]; *People* v. *Schulz* (1992) 5 Cal.App.4th 563, 570 [7 Cal.Rptr.2d 269].) Jurisdiction survives, however, where provided by statute. (*People* v. *Karaman, supra,* 4 Cal.4th 335, 351-352; *People* v. *Lockridge, supra,* 12 Cal.App.4th at p. 1757.) In such cases, the jurisdictional period generally is not tolled during the pendency of an appeal. (See *People* v. *Lockridge, supra,* 12 Cal.App.4th at pp. 1755, 1757-1758.)

 In the case at bench, both parties agree that section 987.8 constitutes a statutory exception to the general rule. Principles of statutory construction support this interpretation.

---

judgment. [¶] (i) This section shall apply to all proceedings, including contempt proceedings, in which the party is represented by a public defender or appointed counsel."

[10]Pursuant to subdivision (f) of the statute, recoupment may be ordered only if a defendant received notice that he might be required to pay such costs prior to the furnishing of legal assistance. In the present appeal, lack of notice is not at issue.

■ "[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose . . . ." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) "[S]tatutes must be construed so as to give a reasonable and common-sense construction consistent with the apparent purpose and intention of the lawmakers—a construction that is practical rather than technical, and will lead to wise policy rather than mischief or absurdity. [Citation.]" (*People* v. *Martinsen* (1987) 193 Cal.App.3d 843, 848 [238 Cal.Rptr. 530].)

■ Under the plain language of the statute at issue here, the ability-to-pay-hearing need not be held on the date judgment is pronounced; rather, the statute empowers the court to hold such hearing within six months of the pronouncement of judgment. As noted by *People* v. *Spurlock, supra,* the statute also authorizes the court to cause a county officer to make inquiry into the defendant's ability to pay, and "presumably report back to the court." (*People* v. *Spurlock, supra,* 112 Cal.App.3d at p. 328.) Since, from a practical standpoint, such reports could not always be prepared and filed on the day of judgment, it must be concluded that the Legislature intended the trial court to retain jurisdiction over the matter of attorney fees for a reasonable period of time—that is, a six-month period—following the pronouncement of judgment.

A notice of appeal, however, must be filed within 60 days of judgment. Hence, if we were to apply the general rule divesting the trial court of jurisdiction upon the filing of a notice of appeal, that provision of the statute providing for an additional hearing within six months of judgment would be effectively defeated in every case where an appeal was filed. Such a result would frustrate the intent of the Legislature and render the provision surplusage. Thus, we agree with the parties that the trial court is not divested of jurisdiction to act on the question of attorney fees under section 987.8 upon the filing of a notice of appeal.

This brings us to the crucial question of whether the six-month period prescribed in the statute for the ability-to-pay hearings is jurisdictional—in other words, does the court lose jurisdiction to conduct further proceedings under section 987.8 once the six-month period has expired? An affirmative answer would deprive the trial court of the opportunity to correct error in the

imposition of attorney fees in virtually every case where an appeal is filed. To avoid such a result, the People suggest that the six-month period be interpreted as "defin[ing] the outer limits of the trial court's jurisdiction to act in the first instance, not forever." Although we are not insensitive to the People's concerns, section 987.8 simply does not lend itself to such an interpretation.

At least two published decisions have implied that the time period is jurisdictional. In *Spurlock,* the trial court sentenced the defendant to a prison term, stayed execution of sentence, and placed the defendant on probation. As a condition of probation, the court imposed a county jail term of 15 months. The court also purported to reserve jurisdiction over the matter of attorney fees, indicating that it would hold a hearing 60 days after the defendant's release from custody to determine the defendant's ability to pay the costs of court-appointed counsel. (112 Cal.App.3d at p.322.) Recognizing that such a hearing would have to occur more than six months after imposition of sentence, the Court of Appeal found the court's order to be void. The matter was remanded to the trial court with directions to vacate the order. (*Id.* at p. 329.) In so holding, the court interpreted that provision of the statute permitting an additional hearing within six months of the conclusion of the criminal proceedings as requiring that the ability-to-pay hearing be held within six months of judgment. (*Id.* at pp. 328-329.)

This court reached a similar conclusion in our recent decision in *People v. Faatiliga* (1992) 10 Cal.App.4th 1276 [13 Cal.Rptr.2d 190], a case wherein we struck an attorney fee order imposed as a condition of probation. Since the six-month period for hearing on Faatiliga's present ability to pay had elapsed, we held that it was "too late for the court to hold a hearing" (*People v. Faatiliga, supra,* 10 Cal.App.4th at p. 1280, citing *People v. Spurlock, supra,* 112 Cal.App.3d at p. 329), thus suggesting that the jurisdictional period runs from the date of sentencing and is not tolled by the filing of an appeal.

Comparison of the language employed in section 987.8 with that used in other recoupment statutes also supports the conclusion that the Legislature intended the six-month period specified by the statute to be jurisdictional. Section 1203.1b, for example, provides for the recoupment of the costs of probation, the presentence investigation, and preparation of the presentence report. In contrast to section 987.8, which refers to a defendant's *present* ability to pay, section 1203.1b speaks only of an "ability to pay." In contrast to section 987.8, which imposes a six-month limitations period for the ability-to-pay hearing, section 1203.1b permits an additional hearing at any

time during the probationary period. Similarly, section 1203.1c, which governs reimbursement for local incarceration costs, also speaks of the defendant's "ability to pay," and provides for additional hearings any time within the probationary period.[11]

 It is a well-settled principle of statutory construction that where "a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed. [Citations.]" (*Garat* v. *City of Riverside* (1991) 2 Cal.App.4th 259, 296 [3 Cal.Rptr.2d 504]; internal quotations omitted.) The dissimilarities among these recoupment statutes are significant in that they evidence a particular concern on the part of the Legislature to complete the proceedings conducted under section 987.8, and to limit the time within which a defendant's financial status may be evaluated.

For the foregoing reasons, we conclude that although the trial court ordinarily loses jurisdiction for most purposes upon the filing of an appeal, it retains jurisdiction to act on the question of attorney fees pursuant to section 987.8. Thus, the filing of a notice of appeal does not toll the running of the six-month period; once that period has expired, the court loses jurisdiction to reconsider or modify its order. Our holding necessitates the conclusion that the trial court in the instant case is without jurisdiction to conduct further proceedings under the statute.

## IV.

### *Disposition*

The judgment is modified by striking the trial court's order imposing attorney fees under section 987.8. That portion of the judgment imposing restitution is reversed and remanded for further proceedings consistent with the views expressed herein. In all other respects the judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.

---

[11]Our discussion of the dissimilarities between the various recoupment statutes should not be read as expressing an opinion on jurisdictional questions pertaining to section 1203.1b or 1203.1c.