[No. S105762. June 12, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN A. FLORES, Defendant and Appellant.

## COUNSEL

Sharon Fleming, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, David C. Cook, Mary Sanchez and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN, J.**—Subdivision (b) of section 987.8 of the Penal Code (section 987.8(b))[1] provides that, upon the conclusion of criminal proceedings in the trial court, the court may, after giving the defendant notice and a hearing, make a determination of his present ability to pay all or a portion of the cost of the legal assistance provided him. The subdivision further provides that the court may, in its discretion, "hold one such additional hearing within six months of the conclusion of the criminal proceedings." (*Ibid.*)

Defendant contends, the People concede, and the Court of Appeal held that the reimbursement order in this case violated section 987.8(b) because it was made without the requisite notice and hearing. Accordingly, the Court of Appeal remanded the case to the trial court to give it another opportunity to provide the notice and conduct the hearing required by the statute.

The question before us is whether, as defendant contends, the remand order was erroneous because it occurred more than six months after judgment was pronounced. Defendant's contention lacks merit. Under section 1260, appellate courts have the power to remand a cause to a trial court "for such further proceedings as may be just under the circumstances," and the language used in section 987.8 does not, on the face of it, suggest the Legislature intended to carve out an exception to section 1260 by placing a six-month time limit on the power to remand for the correction of errors of

---

[1]Unless otherwise indicated, all further statutory references will be to the Penal Code.

the sort made in this case. Indeed, the legislative history of the 1978 amendment to section 987.8, which authorized the holding of "one such additional hearing within six months of the conclusion of the criminal proceedings," clearly reveals defendant's contention to be meritless.

## FACTUAL AND PROCEDURAL HISTORY

As defendant observes, the issue presented by this case does not turn on the facts of the offense, so we simply note that defendant was convicted of unlawfully driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a), and was sentenced to prison for three years.

At sentencing, without having given him the notice or hearing required by section 987.8(b), the trial court ordered defendant "to pay attorney's fees of $5,000, significantly less than those services are worth, and less than the public defender schedule would indicate, just as a general rule for appointed counsel. That's subject to his ability to pay, out of state prison or other funds."

The Court of Appeal remanded for notice and hearing under section 987.8(b), holding that such a remand is the proper remedy when a defendant has been deprived of these statutorily required safeguards, and in all other respects it affirmed the judgment. The Court of Appeal added that "[t]he defendant's ability to pay must, of course, be determined with reference to his . . . financial condition at the time of sentencing or not later than six months after sentencing."[2]

## DISCUSSION

Section 987.8(b) provides: "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six

---

[2] Subdivision (g)(2)(A), (B) of section 987.8 defines " '[a]bility to pay' " as including a defendant's "reasonably discernible future financial position," as well as his "present financial position," but stipulates that "[i]n no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position."

months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided."

Recoupment statutes such as section 987.8(b) reflect a legislative concern for " 'replenishing a county treasury from the pockets of those who have directly benefited from county expenditures.' " (*People v. Amor* (1974) 12 Cal.3d 20, 27 [114 Cal.Rptr. 765, 523 P.2d 1173], quoting *Rinaldi v. Yeager* (1966) 384 U.S. 305, 309 [86 S.Ct. 1497, 1500, 16 L.Ed.2d 577].) " 'Recoupment proceedings may protect the State from fraudulent concealment of assets and false assertions of indigency. Many States, moreover, face expanding criminal dockets, and this Court has required appointed counsel for indigents in widening classes of cases and stages of prosecution. Such trends have heightened the burden on public revenues, and recoupment laws reflect legislative efforts to recover some of the added costs.' " (*Amor*, at p. 27, quoting *James v. Strange* (1972) 407 U.S. 128, 141 [92 S.Ct. 2027, 2034-2035, 32 L.Ed.2d 600].)

To reiterate, defendant contends the remand order was erroneous under section 987.8(b) because, by the time it was made, more than six months had passed since the pronouncement of judgment.

The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. (*People v. Trevino* (2001) 26 Cal.4th 237, 240 [109 Cal.Rptr.2d 567, 27 P.3d 283]; *People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) To determine legislative intent, we turn first, to the words of the statute, giving them their usual and ordinary meaning. (*Trevino*, at p. 241; *Trope v. Katz* (1995) 11 Cal.4th 274, 280 [45 Cal.Rptr.2d 241, 902 P.2d 259].) When the language of a statute is clear, we need go no further. However, when the language is susceptible of more than one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. (*Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744 [38 Cal.Rptr.2d 650, 889 P.2d 970]; *People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].)

Defendant relies primarily upon *People v. Turner* (1993) 15 Cal.App.4th 1690 [19 Cal.Rptr.2d 736] (*Turner*). In *Turner*, as in this case,

the People conceded that the trial court violated section 987.8(b) by ordering reimbursement of attorney fees without holding a hearing to determine the defendant's ability to pay. "The more difficult question," in the Court of Appeal's view, was "whether the trial court retain[ed] jurisdiction to modify its order, following the issuance of our remittitur." (*Turner*, at p. 1695.)

In *Turner*, the Court of Appeal began by reciting "the general rule that '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur' (*People* v. *Perez* (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63]), thereby divesting the trial court of jurisdiction over anything affecting the judgment. (*People* v. *Lockridge* (1993) 12 Cal.App.4th 1752, 1757 [16 Cal.Rptr.2d 340]; *People* v. *Schulz* (1992) 5 Cal.App.4th 563, 570 [7 Cal.Rptr.2d 269].) Jurisdiction survives, however, where provided by statute. (*People* v. *Karaman* [(1992)] 4 Cal.4th 335, 351-352 [14 Cal.Rptr.2d 801, 842 P.2d 100]; *People* v. *Lockridge, supra,* 12 Cal.App.4th at p. 1757.) In such cases, the jurisdictional period generally is not tolled during the pendency of an appeal. (See *People* v. *Lockridge, supra,* 12 Cal.App.4th at pp. 1755, 1757-1758.)" (*Turner, supra,* 15 Cal.App.4th at p. 1695.)

In *Turner*, both parties agreed that "section 987.8 constitutes a statutory exception to the general rule." (*Turner, supra,* 15 Cal.App.4th at p. 1695.) The Court of Appeal agreed. "Under the plain language of the statute at issue here, the ability-to-pay hearing need not be held on the date judgment is pronounced; rather, the statute empowers the court to hold such hearing within six months of the pronouncement of judgment. . . . Since, from a practical standpoint, such reports could not always be prepared and filed on the day of judgment, it must be concluded that the Legislature intended the trial court to retain jurisdiction over the matter of attorney fees for a reasonable period of time—that is, a six-month period—following the pro-nouncement of judgment. [¶] A notice of appeal, however, must be filed within 60 days of judgment. Hence, if we were to apply the general rule divesting the trial court of jurisdiction upon the filing of a notice of appeal, that provision of the statute providing for an additional hearing within six months of judgment would be effectively defeated in every case where an appeal was filed. Such a result would frustrate the intent of the Legislature and render the provision surplusage. Thus we agree with the parties that the trial court is not divested of jurisdiction to act on the question of attorney fees under section 987.8 upon the filing of a notice of appeal." (*Turner, supra,* 15 Cal.App.4th at p. 1696.)

This brought the Court of Appeal "to the crucial question of whether the six-month period prescribed in the statute for the ability-to-pay hearings is

jurisdictional—in other words, does the court lose jurisdiction to conduct further proceedings under section 987.8 once the six-month period has expired?" (*Turner, supra,* 15 Cal.App.4th at p. 1696.) An affirmative answer to this question, the Court of Appeal recognized, "would deprive the trial court of the opportunity to correct error in the imposition of attorney fees in virtually every case where an appeal is filed." (*Id.* at pp. 1696-1697.) Nevertheless, the Court of Appeal concluded that "the Legislature intended the six-month period specified by the statute to be jurisdictional." (*Id.* at p. 1697.)

Ordinarily, an appellate court has, among others, the power to remand a cause to the trial court "for such further proceedings as may be just under the circumstances." (§ 1260.) In effect, defendant is contending, and the *Turner* court held, that in enacting the 1978 amendment to section 987.8, the Legislature intended to carve out an exception to the remand power of appellate courts by placing a six-month time limit on their ability to order the correction of errors of the sort made by the trial court in this case. Indeed, as the *Turner* court conceded, the practical effect of so interpreting section 987.8 would be the nullification of the reimbursement statute in cases such as this because criminal appeals typically take more than six months.[3]

If that is what the Legislature intended, it certainly does not appear on the face of the statute. Moreover, nothing in the legislative history of section 987.8(b) suggests the Legislature intended the six-month time limit to be jurisdictional or to have any effect on the traditional power of an appellate court to remand to the trial court for a hearing following the finding of a due process violation. To the contrary, the legislative history of section 987.8(b) clearly reveals the Legislature intended to increase the ability of the trial courts to order reimbursement, not to limit it, much less to nullify it.

Section 987.8 was originally enacted in 1971. (Stats. 1971, ch. 744, § 1, p. 1480.) Again, the provision allowing a trial court to "hold one such additional hearing within six months of the conclusion of criminal proceedings" was added in 1978. (Stats. 1978, ch. 1134, § 1, p. 3488.)[4] It was included in a bill the overall purpose of which was "to allow counties to recover

---

[3]For the fiscal year 2000-2001, in a criminal case, 440 days was the median time from the filing of the notice of appeal to the filing of the opinion by a Court of Appeal. (Judicial Council of Cal., AOC, Rep. on Court Statistics: Statewide Caseload Trends 1991-1992 Through 2000-2001 (2002) p. 27 <www.courtinfo.ca.gov/reference/documents/csr2002.PDF> [as of June 12, 2003].)

[4]This provision, which is now part of subdivision (b) of section 987.8, was originally enacted as part of subdivision (a) of the section. (Stats. 1978, ch. 1134, § 1, p. 3488.)

additional money from indigents whose financial position will improve." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1807 (1977-1978 Reg. Sess.) as introduced, p. 1.) Indeed, the author of the bill, Senator Bob Wilson of San Diego County, estimated that the changes made by the bill would enable his county to more than double the sum it recouped annually. (*Id.*, p. 3.) The operative changes made by the bill included amending "the term 'ability to pay' so that a defendant's future earning potential can be considered." (*Id.*, p. 2.) Senator Wilson's concern was that "the current 'present ability to pay' standard does not reach a portion of criminal defendants who are seasonal workers (construction, farm workers, etc.) who are truly indigent at the time of the proceeding but who are likely to be employed after the proceeding has terminated." (Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1807 (1977-1978 Reg. Sess.) as introduced, p. 2.) The provision for holding a second hearing, six months after the conclusion of criminal proceedings, was intended to permit the trial court to take such changed circumstances into consideration.

In *Turner*, the Court of Appeal did not discuss the legislative history of the 1978 amendment. Instead, in seeking to support its conclusion that the trial court had lost jurisdiction under section 987.8(b), the Court of Appeal relied upon two opinions that it characterized as having "*implied* that the time period is jurisdictional." (*Turner, supra*, 15 Cal.App.4th at p. 1697, italics added.) In *People v. Spurlock* (1980) 112 Cal.App.3d 323 [169 Cal.Rptr. 320], the trial court sentenced the defendant to a prison term, stayed execution of the sentence, and placed the defendant on probation, the terms of which included 15 months in county jail with credit for 38 days previously served. The court reserved jurisdiction over the matter of attorney fees, stating that it would hold a section 987.8 hearing on the defendant's ability to pay 60 days after his release from actual custody. (*Spurlock*, at pp. 326-327.) The trial court "erred in providing for a hearing 60 days after release from actual custody," the Court of Appeal held, "since under any conceivable circumstances (short of a reduction in the confinement condition of the probation order, which the record does not show to have come about), such a hearing would have to take place over 6 months after the sentence." (*Id.* at p. 329.) "This," the Court of Appeal held, "the statute forbids." (*Ibid.*) In distinguishing *Spurlock*, the Court of Appeal in the present case correctly observed: "*Spurlock* clearly does not stand for the proposition that a reviewing court's only option is to strike an order made in violation of Penal Code section 987.8. Nor does it stand for the corollary that a trial court lacks jurisdiction to correct an error on remand on appeal."

The other case relied upon by the *Turner* court was one of its own earlier decisions—*People v. Faatiliga* (1992) 10 Cal.App.4th 1276 [13 Cal.Rptr.2d

190]. (*Turner, supra,* 15 Cal.App.4th at p. 1697.) ▮▮▬▮ In *Faatiliga,* the trial court required reimbursement of attorney fees as one of the conditions of probation, and since such a condition is prohibited in California,[5] the Court of Appeal struck it. (*Faatiliga,* at p. 1280.) It was too late, the Court of Appeal held, for the trial court to base its reimbursement order on an alternative ground by conducting a hearing under section 987.8, "[s]ince more than six months have elapsed since the conclusion of the criminal proceedings . . . ." (*Faatiliga,* at p. 1280.) As it did in *Turner,* the Court of Appeal in *Faatiliga* relied on *Spurlock.* (*Faatiliga,* at p. 1280.)[6]

Finally, the *Turner* court found significance in the fact that section 987.8 differs in certain respects from other recoupment statutes, particularly section 1203.1b (cost of probation) and section 1203.1c (cost of local incarceration). "In contrast to section 987.8, which refers to a defendant's *present* ability to pay, section 1203.1b speaks only of an 'ability to pay.' In contrast to section 987.8, which imposes a six-month limitations period for the ability-to-pay hearing, section 1203.1b permits an additional hearing at any time during the probationary period. Similarly, section 1203.1c . . . also speaks of the defendant's 'ability to pay,' and provides for additional hearings any time within the probationary period." (*Turner, supra,* 15 Cal.App.4th at pp. 1697-1698, fn. omitted.) The *Turner* court, in our view,

---

[5] "Imposing reimbursement of attorney fees as a condition of probation is absolutely prohibited in California courts. (*In re Elizabeth S.* (1982) 138 Cal.App.3d 450, 454 [188 Cal.Rptr. 2]; *In re Allen* (1969) 71 Cal.2d 388, 391-392 [78 Cal.Rptr. 207, 455 P.2d 143].) The Supreme Court so held in *In re Allen, supra,* 71 Cal.2d 388. While the United States Supreme Court criticized that case when upholding an Oregon statute permitting collection of attorney fees from defendants who can afford to pay, *In re Allen* has not been overruled. (*Fuller* v. *Oregon* (1974) 417 U.S. 40, 51-52 [40 L.Ed.2d 642, 653-654, 94 S.Ct. 2116]; *People* v. *Amor* (1974) 12 Cal.3d 20, 25-26 [114 Cal.Rptr. 765, 523 P.2d 1173].)" (*People v. Faatiliga, supra,* 10 Cal.App.4th at p. 1280.)

[6] Defendant brings three other cases to our attention, although he acknowledges that the question presented here was not addressed in any of them. In *In re Elizabeth S., supra,* 138 Cal.App.3d 450, 455, as in *People v. Faatiliga, supra,* 10 Cal.App.4th 1276, the Court of Appeal struck a condition of probation requiring reimbursement for legal assistance. Noting that the trial court had not imposed a fine on the minor, and that the reimbursement condition may have been in lieu of a fine, the Court of Appeal remanded the case "so that the trial court will have an opportunity to determine whether a fine should be imposed." (*Elizabeth S.,* at p. 455.) The question whether the trial court had lost jurisdiction to order reimbursement under section 987.8 was not discussed. In *People v. Heath* (1989) 207 Cal.App.3d 892 [255 Cal.Rptr. 120], the Court of Appeal reversed "the imposition of attorney fees" because the defendant had not been given the notice required by section 987.8. (*Heath,* at pp. 902-903.) Whether the case might have been remanded to give the trial court an opportunity to correct its error was not discussed. In *People v. Poindexter* (1989) 210 Cal.App.3d 803 [258 Cal.Rptr. 680], the Court of Appeal struck the reimbursement order because the procedural safeguards embedded in section 987.8 had not been observed in a number of respects, but again the question whether the case might have been remanded for correction of the errors was not discussed.

read too much into the dissimilarities among the recoupment statutes. While these dissimilarities may "evidence a particular concern on the part of the Legislature to complete the proceedings conducted under section 987.8, and to limit the time within which a defendant's financial status may be evaluated" (*Turner*, at p. 1698), they do not suggest that the Legislature intended the result in *Turner*—"depriv[ing] the trial court of the opportunity to correct error in the imposition of attorney fees in virtually every case where an appeal is filed." (*Id.* at pp. 1696-1697.)

■   In summary, we conclude that the provision of section 987.8(b) in question, allowing a trial court to hold a second hearing within six months of "the conclusion of the criminal proceedings" to determine a defendant's present ability to reimburse the cost of the legal assistance provided, was not intended to limit the authority of an appellate court to remand a case to the trial court for the correction of its error in failing to give a defendant the notice and hearing required by the statute. *People v. Turner, supra*, 15 Cal.App.4th 1690, and *People v. Faatiliga, supra*, 10 Cal.App.4th 1276, are disapproved insofar as they are inconsistent with this conclusion.

Defendant contends that even if the passage of more than six months since the pronouncement of judgment does not automatically deprive a trial court of jurisdiction under section 987.8 to correct its errors upon remand, remand would be pointless in the circumstances of this case because defendant has been sentenced to prison and is, therefore, obviously unable to comply with any reimbursement order.

Defendant correctly notes there is a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs. Subdivision (g)(2)(B) of section 987.8 provides in pertinent part: "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense."

Because it held no hearing into the matter, the trial court made no finding as to whether defendant's circumstances were unusual. In the Court of Appeal, the People argued that a showing of unusual circumstances was conceivable because, according to the probation report, defendant possessed $1,500 worth of jewelry at the time of sentencing. The Court of Appeal was dubious as to whether such a showing could be made. "This seems unlikely given that [defendant] has a child to support." On the other hand, the probation report does indicate that defendant was then "stable and employed." Defendant may not be able to pay the $5,000 ordered by the trial

court, but he may be able to pay something, and if he can, he is obligated by the statute to do so. In any event, as the Court of Appeal observed, whether defendant's financial circumstances are unusual for someone sentenced to prison is not the issue on appeal, and rather than speculate about it, we affirm the Court of Appeal's remand order so that the trial court may, after having conducted a hearing into the question, make an informed decision.

## DISPOSITION

The judgment of the Court of Appeal, remanding this matter for notice and hearing under section 987.8(b), is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.