Filed 11/29/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ROBERT FRANK VELASCO,<br><br>  Defendant and Appellant. | D081230<br><br><br>(Super. Ct. No. FVI1002669) |

APPEAL from an order of the Superior Court of San Bernardino, Christopher S. Pallone, Judge.  Reversed and remanded.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Appellant Robert Frank Velasco, who was serving a sentence for attempted home invasion robbery, assault with a firearm, and possession of a firearm by a felon, was identified as eligible for resentencing pursuant to

Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483), which added what is now Penal Code[1] section 1172.75.[2] At the September 15, 2022 resentencing hearing, Velasco's attorney made an oral motion to strike Velasco's one year prison prior enhancement, which had been imposed pursuant to section 667.5, subdivision (b) and did not involve a sexually violent offense. Velasco was not present at the hearing and, although the minute order reflects that his presence was waived, the record does not contain a written waiver. The trial court granted the request, struck the one-year enhancement, and resentenced Velasco to a total term of 26 years and four months. Neither counsel nor the court addressed whether other new sentencing laws might impact Velasco's sentence or whether postconviction factors should influence the new sentence. (§ 1172.75, subd. (d)(2) ["The court shall apply the sentencing rules of the Judicial Council and apply any

---

[1]     Statutory references are to the Penal Code.

[2]     Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats 2019, ch. 590, § 1) (Senate Bill 136) limited prior prison term enhancements to those terms served for specified sexually violent offenses. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2021, the Legislature enacted Senate Bill 483 which sought to make the changes implemented by Senate Bill 136 retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) Senate Bill 483 added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022; Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) We refer to the new provision as most recently renumbered.

Section 1172.75 declares that "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)

2

other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing"] & (3) ["The court may consider postconviction factors"].)

Velasco argues on appeal that the trial court abused its discretion by not conducting a full resentencing hearing as is required by section 1172.75. He further contends the trial court violated his federal and state constitutional rights by holding a resentencing hearing in his absence without a valid waiver.

The People assert that the trial court lacked jurisdiction to conduct this resentencing hearing at all because Velasco's case was already on appeal before this court in case No. D080603. However, should we determine that the trial court had jurisdiction, the People concede that remand is warranted because Velasco did not waive his presence at the resentencing hearing.

We conclude the trial court had jurisdiction to resentence Velasco pursuant to section 1172.75 but reverse and remand for a new hearing on the grounds that Velasco was not present at the sentencing hearing and did not validly waive his presence.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2013, a San Bernardino County jury found Velasco guilty of attempted home invasion robbery (§§ 211, 664; count 1), assault with a firearm (§ 245, subd. (a)(2); count 4), possession of a firearm by a felon (§ 12021, subd. (a)(1); count 5), and street terrorism (§ 186.22, subd. (a); count 6). As to count 1, the jury returned a true finding that Velasco personally used a firearm, within the meaning of section 12022.53, subdivision (b). As to counts 1 and 4, the jury returned a true finding that Velasco personally used a firearm, within the meaning of section 12022.5, subdivision (a). Velasco also admitted he had suffered a prior serious felony

3

conviction within the meaning of section 667, subdivision (a)(1), and served a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced Velasco to 28 years and eight months in prison, including five years for the prior conviction and one year for the prior prison term. In October 2015, the trial court dismissed count 6 and vacated the corresponding sentence, resulting in a total sentence of 27 years and four months.

On August 2, 2022, Velasco filed a petition for writ of habeas corpus in the superior court requesting relief under Senate Bill 483.[3] The trial court denied the petition on the grounds that section 1172.75, subdivision (b) sets forth a specific timeline for granting relief to eligible inmates. However, the trial court then scheduled a resentencing hearing pursuant to Senate

---

[3] The People request that we take judicial notice of the record in Velasco's related appeal, case No. D080603, as well as his petition for writ of habeas corpus, and the superior court's denial of the same, in the underlying case. We deferred ruling on this request. Having considered the briefing, we grant the request pursuant to Evidence Code section 452, subdivision (d) because the court records demonstrate the existence of the related appeal that forms the basis for the People's jurisdictional argument. (See Evid. Code, § 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"].) Additionally, the record in this case reflects that the trial court considered and denied the habeas corpus petition, so we judicially notice those documents for the limited purpose of clarifying the procedural history of the case.

4

Bill 483.[4] As noted above, the trial court subsequently struck Velasco's one-year prison prior enhancement and resentenced him to 26 years and four months.

## DISCUSSION

### I.

### *The Trial Court Retained Jurisdiction to Resentence Velasco Pursuant to Section 1172.75*

We begin with the threshold issue of whether the trial court retained jurisdiction to resentence Velasco pursuant to section 1172.75 after Velasco filed a valid notice of appeal in case No. D080603. "When the evidence is not in dispute, subject matter jurisdiction is a legal issue, which we review de novo." (*A.F. v. Jeffrey F.* (2023) 90 Cal.App.5th 671, 681.)

A. *Legal Principles*

As a general rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once it relinquishes custody of the defendant and execution of the sentence has commenced. (*People v. Karaman* (1992)

4    Although the trial court's September 1, 2022 minute order does not specify the court's reason for setting a resentencing hearing after denying the habeas corpus petition, we presume that because Velasco appears eligible for relief under section 1172.75 and because the July 1, 2022 deadline for the California Department of Corrections and Rehabilitation (CDCR) to designate individuals eligible for resentencing under the provision (§ 1172.75, subd. (b)(2)) had passed, the CDCR notified the trial court at some point before September 1, 2022 that Velasco was eligible under section 1172.75. This would accord with proper application of the statute's procedure. (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447, 448 ["section 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements"; rather, "any review and verification by the [trial] court in advance of resentencing *is only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant"].)

4 Cal.4th 335, 344; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923.) The defendant's filing of a valid notice of appeal also typically divests the trial court of jurisdiction over any matter affecting the judgment. (*People v. Flores* (2003) 30 Cal.4th 1059, 1064 (*Flores*); *People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757 (*Lockridge*).) " 'The purpose of the rule depriving the trial court of jurisdiction in a case during a pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.' " (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089; *Scarbrough,* at p. 923.) However, jurisdiction survives where provided by statute. (*Flores,* at p. 1064.) "In such cases, the jurisdictional period generally is not tolled during the pendency of an appeal." (*Ibid.*)

As Velasco points out, former section 1170, subdivision (d)(1), now section 1172.1, provides an exception to the general rule. In *Dix v. Superior Court* (1991) 53 Cal.3d 442, the Supreme Court recognized that "[s]ection 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Id.* at p. 455; see also *People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) This section allows the sentencing court "to recall its sentence 'within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms. . . .' " (*Dix*, at p. 455.) After recalling the sentence, the court can " 'resentence the defendant in the same manner as if he or she had not previously been sentenced,' provided any new sentence does not exceed the original sentence, grants credit for time served, and 'appl[ies] the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to

6

promote uniformity of sentencing. . . .' " (*Ibid.*)  The *Dix* court concluded that a sentencing court lost its " 'own-motion' jurisdiction" only if it failed to *recall* the sentence within 120 days of the original commitment.  (*Id.* at p. 464.)

This court subsequently extended the *Dix* holding in concluding that "a trial court is not divested of its limited jurisdiction under section 1170, subdivision (d) to recall a sentence for modification within 120 days of the defendant's commitment by the filing of an appeal notice."  (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836 (*Portillo*); *Lockridge, supra,* 12 Cal.App.4th at p. 1755 ["although the trial court loses jurisdiction for most purposes upon the filing of an appeal, it is not deprived of its power to recall its sentence and impose a new sentence under section 1170, subdivision (d)"].)  In *Portillo*, we reasoned that "[t]o hold the general rule, that a trial court loses jurisdiction to proceed in a matter after the filing of an appeal, supersedes or negates the specific rule for granting limited jurisdiction to the trial court to recall a sentence, enacted by the Legislature in light of existing law concerning a trial court's sentencing jurisdiction, would render meaningless the long-established rules of statutory interpretation against surplusage and favoring a specific statute regarding a subject matter over one that is more general.  Moreover, such interpretation 'would infringe on the power of the Legislature to establish a determinate sentencing system providing statutorily fixed terms for given crimes to be imposed by courts with limited discretion to vary those terms.' " (*Id.* at p. 1835.)  The Third Appellate District subsequently agreed with us.  (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1472.)

7

B.    *Analysis*

Velasco contends that, like section 1172.1, section 1172.75 presents an exception to the general rule and vests the trial court with jurisdiction to conduct a resentencing hearing while an appeal is pending.  We agree.

"Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law.  In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.  A construction making some words surplusage is to be avoided.  The words of the statute must be construed in context, keeping in mind the statutory purpose . . . ." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386–1387 (*Dyna-Med*).)  Additionally, " ' "statutes must be construed so as to give a reasonable and common-sense construction consistent with the apparent purpose and intention of the lawmakers—a construction that is practical rather than technical, and will lead to wise policy rather than mischief or absurdity.  [Citation.]  In approaching this task, the courts may consider the consequences which might flow from a particular interpretation and must construe the statute with a view to promoting rather than defeating its general purpose and the policy behind it." ' " (*Oakland Police Officers' Assn. v. City of Oakland* (2021) 63 Cal.App.5th 503, 518–519.)

If anything, our reasoning in construing the statute in *Portillo* applies with greater force to section 1172.75.  In section 1172.1, the legislature granted the trial court *discretion* to assert jurisdiction and recall a sentence within 120 days (§ 1172.1, subd. (a)(1)), whereas in section 1172.75 it *mandated* recall of the relevant sentence enhancements and resentencing.

8

(§ 1172.75, subd. (c).) Moreover, it set specific deadlines for doing so. (*Id.*, subd. (c)(1) & (2) [requiring the court to recall and resentence defendants by October 1, 2022, for those who have served their base term and any other enhancement and currently are serving a sentence based on the invalid enhancement, or by December 31, 2023, for all others].) This suggests a clear legislative intent to promptly rectify specific, perceived inequities in the sentencing system.[5] Additionally, having found the trial court retained jurisdiction under section 1172.1 where the legislature sought to inject more transparency into resentencing procedures and create a presumption favoring recall and resentencing of certain individuals, we conclude there is even more reason to do so under section 1172.75 where the legislature has expressly declared the sentencing enhancements *legally invalid*.

The time limits imposed by section 1172.75 also support our conclusion that the legislature intended for the trial court to retain jurisdiction. For instance, the statute required the CDCR to identify all other eligible individuals, aside from those already identified, by July 1, 2022. (§ 1172.75, subd. (b)(2).) It then instructed the trial court to recall their sentences and resentence these individuals by December 31, 2023. (§ 1172.75, subd. (c)(2).) A person in this category may well have already had an appeal pending when they were identified by the CDCR, which would divest the trial court of

---

[5]    Indeed, according to the author of Senate Bill 483, "SB 483 will retroactively apply the elimination of those enhancements to people currently held in prisons and jails, ensuring that no one is serving time based on outdated rules. [¶] A robust body of research finds that long prison and jail sentences have no positive impact on public safety, yet are documentably injurious to families and communities—particularly Black, Latino, and Native Americans in the United States and in California." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) as amended Sept. 1, 2021, p. 4.)

jurisdiction. Or, given that defendants generally have only 60 days from the judgment or order being appealed to file a notice of appeal (Cal. Rules of Court, rule 8.308(a)), they likely would file an appeal during this time frame. Given the time allotted for appellate briefing and decision, the trial court's statutorily mandated time limit for recalling the sentence and resentencing the individual no doubt would lapse during the pendency of the appeal.[6] Thus, to read section 1172.75, subdivision (c) as *not* providing for trial court jurisdiction would render these time limitations surplusage, which is a result we strive to avoid. (See *Dyna-Med*, *supra*, 43 Cal.3d at p. 1387; *Portillo, supra,* 10 Cal.App.4th at p. 1835.)

A similar situation arose in *People v. Turner* (1993) 15 Cal.App.4th 1690, 1695 (*Turner*) where the reviewing court considered whether section 987.8, which permits the trial court to hold an additional hearing within six months of judgment on the defendant's ability to pay the costs of his court-appointed counsel, provided a statutory exception to the general rule that an appeal divests the trial court of jurisdiction. In concluding that it did, the *Turner* court explained that the statute provided for a county officer to make inquiries regarding the defendant's ability to pay and " 'presumably report back to the court.' " (*Id.* at 1696.) It further reasoned that, "[s]ince, from a practical standpoint, such reports could not always be prepared and filed on the day of judgment, it must be concluded that the Legislature intended the trial court to retain jurisdiction over the matter of attorney fees for a reasonable period of time—that is, a six-month period— following the pronouncement of judgment." (*Ibid.*) But, because a notice of

---

[6] We acknowledge that the number of individuals to whom this scenario will apply likely will be minimal, as they would have to have a sentence enhancement that was imposed prior to January 1, 2020, but still have a case on appeal in 2023. (§ 1172.75, subds. (a)–(c).)

appeal must be filed within 60 days of judgment, the *Turner* court concluded that if it "were to apply the general rule divesting the trial court of jurisdiction upon the filing of a notice of appeal, that provision of the statute providing for an additional hearing within six months of judgment would be effectively defeated in every case where an appeal was filed. Such a result would frustrate the intent of the Legislature and render the provision surplusage."[7] (*Turner,* at p. 1696.) The same holds true here. If we were to apply the general rule divesting the trial court of jurisdiction, a significant percentage of the individuals to whom this statute is expressly directed would be unable to timely benefit from this ameliorative statute. We cannot conclude that an interpretation which frustrates the intent of the legislature and renders certain provisions surplusage is the correct one.

Accordingly, we conclude the trial court here retained jurisdiction to resentence Velasco pursuant to section 1172.75 after Velasco filed a valid notice of appeal.

## II.

### *The Trial Court Erred by Conducting a Resentencing Hearing in Velasco's Absence Without a Valid Waiver of His Presence*

Despite concluding the trial court had jurisdiction to hold a section 1172.75 resentencing hearing, we nonetheless must reverse the order and remand for a new hearing because there is no evidence in the record that Velasco waived his presence at the hearing.

---

[7]     *Flores* disapproved *Turner* to the extent the *Turner* court went on to conclude that section 987.8's six-month limitation for holding an ability-to-pay hearing was jurisdictional and, thus, limited the appellate court's authority to remand a case after six months for a hearing. (*Flores*, *supra*, 30 Cal.4th at p. 1068.) In the instant case, we find nothing in section 1172.75 that would limit our authority to order a full resentencing hearing upon remand.

11

"A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043." (*People v. Concepcion* (2008) 45 Cal.4th 77, 81 (*Concepcion*).) This right extends to all " 'critical stages of the criminal prosecution' " and includes sentencing and resentencing. (See *People v. Cutting* (2019) 42 Cal.App.5th 344, 347–348 (*Cutting*).)

The right to be present may be waived. (*Concepcion*, *supra*, 45 Cal.4th at p. 82.) However, pursuant to section 977, subdivision (b)(1)-(2), in all cases in which a felony is charged, the defendant is required to be personally present at the time of the imposition of sentence unless he executed a written waiver of his right to be present or the waiver was properly entered orally on the record. The right to be present at the imposition of sentence includes the right to be present at a resentencing hearing, as the trial court has discretion to reconsider the entire sentence on remand for resentencing. (See *Cutting*, *supra*, 42 Cal.App.5th at p. 348.)

Here, although the minute order in this case indicates that Velasco waived his presence at the September 15, 2022 resentencing hearing, there is no corresponding writing in the record and his counsel stated only that he was "not present before the Court." There also is no evidence that he or his attorney previously entered a valid waiver on the record. (§ 977, subd. (b)(2)(A) & (B).) As a result, and as the People concede, the record does not adequately demonstrate that Velasco waived his presence at this critical stage.

When errors involving a defendant's federal constitutional rights are implicated, the standard set forth in *Chapman v. California* (1967)

386 U.S. 18 applies and the error is prejudicial and requires reversal unless we can conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding.  (See *id.* at p. 24; *Cutting, supra,* 42 Cal.App.5th at p. 348.) In this case, had Velasco been present at the hearing, he may have "offered mitigation factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency."  (*Cutting,* at p. 350.)  Indeed, section 1172.75 expressly allows the trial court to consider postconviction factors such as "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)  Velasco was not able to present evidence of any of these factors. Accordingly, as the People concede, we cannot conclude that the error was harmless beyond a reasonable doubt.  We, therefore, must reverse and remand the matter for resentencing.[8]

---

[8]     Because Velasco will be entitled to a full resentencing hearing on remand, we need not address his related claim for relief on appeal.

## DISPOSITION

The September 15, 2022 resentencing order is reversed and the matter is remanded to the trial court with directions to conduct a full resentencing hearing consistent with all provisions of section 1172.75 and the views expressed in this opinion.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.

14