Filed 5/2/14  P. v. Kekheya CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039078 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1109875) |
| v. | |
| ABDUL HASEEB KEKHEYA, | |
| Defendant and Appellant. | |

Defendant Abdul Haseeb Kekheya was charged with possession of marijuana for sale (Health & Saf. Code, § 11359 – count one), transportation of marijuana (Health & Saf. Code, § 11360, subd. (a) – count two), and possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a) – count three).  The jury found defendant guilty of count two and acquitted him of count three.  It was unable to reach a verdict on count one, and this count was later dismissed.  The trial court suspended imposition of sentence and placed defendant on probation for three years on condition that he serve eight months in jail.[1]  On appeal, defendant contends that the trial court erred by ordering him to pay $1,000 in attorney's fees, a presentence investigation fee, and a probation supervision fee.  For the reasons stated below, we affirm.

---

[1]     The trial court also stated that defendant would be eligible for the RCP (Regimented Corrections Program) and indicated that he would be released from custody after two months.

# I.  Statement of Facts

On June 9, 2011, Officer Greg Borromeo, who testified as an expert in the recognition of marijuana sales, initiated a traffic stop after observing a vehicle exceeding the speed limit.  As he approached the driver's side window, Officer Borromeo detected the odor of marijuana.  Upon contacting the driver, who was defendant, Officer Borromeo asked him if there was marijuana in the vehicle.  Defendant replied that there was not, but he showed him a glass marijuana pipe from the dashboard.

Officer Borromeo searched the vehicle and found a duffel bag containing four sandwich bags of marijuana, a larger bag of marijuana, a small plastic bag of concentrated cannabis, and a digital scale.  After Officer Borromeo searched defendant, he recovered $405 and a medical marijuana card from his wallet.  He also found text messages on defendant's cell phone which suggested negotiations involving the sale of marijuana.

Jack Rousseau, a criminalist, testified that he examined the suspected contraband and found 74.55 grams of concentrated cannabis.

On May 27, 2011, Officer John Ward contacted defendant to investigate a robbery.  Defendant told him that he had placed an ad on Craig's List to sell or trade medical marijuana.  After receiving a text from someone who wanted to buy a quarter pound of marijuana for $600, defendant took 5 grams of marijuana to meet the potential buyer.  After defendant asked this individual if he had a medical marijuana card, a second individual entered the room and defendant was robbed at gunpoint.

Defendant testified on his own behalf.  He was a college student and had posted an ad on Craig's List stating that he had excess marijuana that he wanted to "get rid of."  He then described the incident in which he was robbed.  Defendant also testified that he had obtained a medical marijuana card after he went to a clinic and told a doctor that he had trouble sleeping, eating, and breathing.  Regarding the cash found on his person, defendant explained that it came from his wages and his financial aid and that he was

2

going to use it to purchase a laptop computer. When asked about the scale, he stated that he bought it to avoid being "ripped off" when he purchased marijuana and to assist in his diet. He bought the concentrated cannabis to smoke and to make edibles. According to defendant, the leafy marijuana made it difficult for him to concentrate but the concentrated cannabis did not. The leafy marijuana belonged to his friend.

## II. Discussion

Defendant contends that the trial court erred by ordering him to pay attorney's fees, because there was insufficient evidence that he had the ability to pay these fees.

Here, the trial court imposed attorney's fees of $1,000. There was no defense objection. The trial court also imposed a $50 crime laboratory fee plus penalty assessment, a $150 drug program fee plus penalty assessment, a restitution fund fine of $200 plus a 10 percent administrative fee, and a $70 AIDS education fund fine.

Penal Code section 987.8 provides in relevant part: "(b) In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court . . . , the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. . . . [¶] (c) In any case . . . in which the defendant, at the conclusion of the case, appears to have sufficient assets to repay, without undue hardship, all or a portion of the cost of the legal assistance provided to him or her, . . . the court shall make a determination of the defendant's ability to pay as provided in subdivision (b), and may, in its discretion, make other orders as provided in that subdivision. [¶] . . . [¶] (g) As used in this section: [¶] . . . [¶] (2) 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event

3

shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. . . . [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing. [¶] (D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant."

Relying on *People v. McCullough* (2013) 56 Cal.4th 589, the Attorney General argues that the issue has been forfeited. Even assuming that the issue has not been forfeited, we find no prejudice to defendant. The record supports an implicit finding of defendant's ability to pay the attorney's fees. Defendant, a 20-year-old college student, lived with his parents and had no dependents. He had no health problems. Until a month before the sentencing hearing, he had been employed part-time at John Power's Modeling and Acting School where he was paid $1,025 twice a month. According to defendant's father, defendant was currently employed at a mechanic shop. Given his youth, good health, and ability to find work, there was sufficient evidence to support the trial court's implicit finding that defendant had the ability to pay $1,000 in attorney's fees in addition to the other fines and fees that were imposed.

Defendant also contends that there was no evidence that $1,000 represented the actual cost to the County of Santa Clara for legal services for him.

Here, the public defender represented defendant at the preliminary hearing, the hearing on the motion to suppress evidence, the five-day jury trial, and the sentencing hearing. In addition, the public defender made at least 20 court appearances on defendant's behalf. Based on this record, $1,000 represents far less than the actual cost of the legal services provided by the County of Santa Clara for defendant.

Defendant also contends that the trial court erred when it ordered him to pay presentence investigation and monthly probation supervision fees.

4

Penal Code section 1203.1b states in relevant part: "[I]n any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision, . . . [and] any presentence investigation. . . . The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver."

Defendant argues that the trial court failed to make a finding on his ability to pay these fees and that there was no evidence of his ability to pay them. The Attorney General argues that the issue has been forfeited.

Even assuming that the issue has not been forfeited, defendant's challenge fails. Penal Code section 1203.1b, subdivision (a) does not require the trial court to make a finding on a defendant's ability to pay the presentence investigation and monthly probation supervision fees prior to ordering a defendant to report for a determination by the Department of Revenue on the issue. Here, the trial court ordered defendant to go to the Department of Revenue for a payment plan. The Department of Revenue will then inquire into defendant's ability to pay, but no determination of ability to pay has yet been made. The trial court set maximum amounts of $450 for the presentence investigation fee and $110 for the monthly probation supervision fee. Thus, the trial court left open

5

what portion, if any, of those maximum amounts defendant would pay. After the Department of Revenue has determined defendant's ability to pay, defendant must then be informed that he would have the right to challenge that determination at an ability-to-pay hearing before the trial court. Thus, any challenges to the presentence investigation and monthly probation supervision fees are premature.[2]

Defendant next contends that the trial court erred when it imposed attorney's fees and presentence investigation and monthly probation supervision fees as conditions of probation.

Requiring payment of attorney's fees as a condition of probation is error. (*People v. Flores* (2003) 30 Cal.4th 1059, 1067, fn. 5.) Presentence investigation and monthly probation supervision fees also cannot be made conditions of probation. (*People v. Washington* (2002) 100 Cal.App.4th 590, 592-593.)

Here, after the trial court imposed certain fees and fines as conditions of probation, it stated: "In addition to the above orders of probation, the Court orders the following fees that are not conditions of probation but are separately due to the Department of Revenue during your period of probation." The trial court then imposed various fees, including the maximum amounts for the presentence investigation and monthly probation supervision fees and attorney's fees. Thus, the trial court correctly stated that payment of probation investigation and monthly probation supervision fees as well as attorney's fees was not a condition of probation.

Defendant, however, focuses on the trial court's question, "Do you understand and accept the terms and conditions of your probation, including all fines and fees . . . ?" He

---

[2] At the conclusion of the hearing, the trial court asked defendant if he "waive[d] [his] right to a hearing on the fees?" Defendant responded affirmatively. It is unclear what the trial court was referring to. However, given that defendant's ability to pay these fees had not yet been determined and a defendant's waiver of his right to a hearing pursuant to Penal Code section 1203.1b, subdivision (a) must be "knowing and intelligent," defendant did not waive his right to challenge his ability to pay the presentence investigation and monthly probation supervision fees.

6

argues that the clause "including all fines and fees" indicated that the presentence investigation, monthly probation supervision, and attorney's fees were ordered as conditions of probation. We disagree. This clause referred to the fines and fees that were imposed as conditions of probation.

### III.   Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.

7