Filed 5/5/14  P. v. Pincetl CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B247923 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA096766) |
| v. | |
| ROBERT MAURICE PINCETL, III, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed in part, reversed in part and remanded with directions.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Robert Maurice Pincetl, III of conducting a business without a license. On appeal, Pincetl contends the restitution and probation revocation fines must be stricken because they were not orally imposed by the trial court, and he challenges the order requiring him to reimburse the County of Los Angeles for his court-appointed attorney fees because no evidentiary hearing was held to determine his ability to pay those fees. We reverse the judgment as to the award of attorney fees award and remand the matter to permit the trial court to hold the required evidentiary hearing. We also strike the restitution fine and probation revocation fine not orally imposed. In all other respects, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Pincetl was arrested and charged in an information with one count of cultivating marijuana (Health & Saf. Code, § 11358) and one count of possessing marijuana for sale (Health & Saf. Code, § 11359) after police found him with numerous marijuana plants growing inside a building in the city of Irwindale. As to both counts, the information specially alleged Pincetl had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)). Pincetl pleaded not guilty and denied the special allegation.

Pincetl was separately charged in a misdemeanor complaint with conducting a business without a license in violation of Irwindale Municipal Code section 5.04.20. Pincetl pleaded not guilty to the charge.

After the trial court granted the People's motion to consolidate the cases, a jury convicted Pincetl of conducting a business without a license (count 3), but acquitted him of the marijuana-related felony charges (counts 1 and 2).

The trial court suspended imposition of sentence and placed Pincetl on 36 months of summary probation. Among the conditions of probation, the court ordered Pincetl to pay a $500 fine and $1,262 in county attorney fees for his court-appointed defense counsel, but imposed no other fines or fees. The court made no reference to the restitution fine or probation revocation fine, or to any specific fees and penalties. The

2

prosecutor did not request additional fines and fees, nor object to their omission by the trial court. The minute order of the February 26, 2013 sentencing hearing shows that Pincetl was ordered to pay a $500 fine, a $140 restitution fine (Pen. Code, § 1202.4), a stayed $140 probation revocation fine (Pen. Code, § 1202.44), $1,262 in attorney fees (Pen. Code, § 987.8) and certain mandatory fees and penalties.

## DISCUSSION

1. *Attorney Fees*

Penal Code section 987.8, subdivision (b), "provides that, upon the conclusion of criminal proceedings in the trial court, the court may, after giving the defendant notice and a hearing, make a determination of his present ability to pay all or a portion of the cost of the legal assistance provided him." (*People v. Flores* (2003) 30 Cal.4th 1059, 1061.) As defined in Penal Code section 987.8, subdivision (g)(2), "ability to pay" means "the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernable future financial position. . . ." Subdivision (e) of the statute confirms the defendant's right to be heard in person, to present witnesses and documentary evidence and to confront any witnesses testifying about his ability to pay. Although the defendant's present ability to pay may be inferred from the content and conduct of the hearing (see *People v. Phillips* (1994) 25 Cal.App.4th 62, 71), whether express or implied the finding of ability to pay must be supported by substantial evidence. (See *People v. Milsen* (1988) 199 Cal.App.3d 344, 347.)

As Pincetl contends and the People concede, in this case there was no hearing to determine Pincetl's ability to pay attorney fees nor was there evidence otherwise in the record sufficient to support such a finding. Additionally, the trial court erred by imposing reimbursement of attorney fees as a condition of probation, which is absolutely prohibited in California courts. (*People v. Flores, supra*, 30 Cal.4th at p. 1067, fn. 5.)

Accordingly, we reverse the judgment as to the attorney fee order and remand for a hearing on Pincetl's ability to pay in accordance with Penal Code section 987.8. (*People v. Flores, supra,* 30 Cal.4th at p. 1063 [remand is proper remedy when court orders defendant to pay attorney fees under Pen. Code, § 987.8 without substantially complying with procedural safeguards enumerated in that section]; *People v. Verduzco* (2010) 210 Cal.App.4th 1406, 1421 [if the attorney fee award is in error, remand is permissible for the purpose of determining whether the defendant has the ability to pay attorney fees].)

2. *Restitution Fine and Probation Revocation Fine*

The February 26, 2013 minute order reflects the imposition of a restitution fine and a probation revocation fine not orally imposed by the trial court. Pincetl argues and the People acknowledge, because the trial court had the discretion to not impose these fines, the prosecutor's failure to object forfeited any claim of error on appeal. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303.) These fines are stricken.

## DISPOSITION

The judgment is reversed as to the order to reimburse the County of Los Angeles for $1,262 in county attorney fees. The matter is remanded for the trial court to determine, in accordance with the applicable statute, Pincetl's ability to pay such fees before imposing them. If any order directing payment of attorney fees is entered on remand, the order will make clear that it is not a condition of probation. The judgment is further modified to strike the restitution fine and probation revocation fine, which the court did not orally impose. In all other respects the judgment is affirmed.


**WOODS, J.**

We concur:


**PERLUSS, P. J.**                                                    **ZELON, J.**

4