Filed 5/20/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ALICIA URBIETA ISLAS,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>      Respondent;<br><br>THE PEOPLE,<br><br>      Real Party in Interest. | H049445<br>(Santa Clara County<br>Super. Ct. Nos. F20001358,<br>21AP002718) |

Petitioner Alicia Urbieta Islas is charged with misdemeanor driving under the influence of alcohol (DUI). (Veh. Code, § 23152, subds. (a) and (b).) She moved for pretrial diversion under Penal Code section 1001.95, which gives judges discretion to offer diversion to misdemeanor defendants. The trial court denied diversion based on Vehicle Code section 23640, under which DUI defendants are categorically ineligible for diversion. The trial court's appellate division having denied mandate relief, petitioner seeks that relief here. We stayed trial court proceedings and issued an order to show cause. We received an opposition brief from the district attorney and an amicus brief in support of the petition from attorney Paul Burglin.

Two appellate courts have published decisions finding misdemeanor DUI defendants similarly situated to petitioner categorically ineligible for Penal Code section 1001.95 diversion. (*Grassi v. Superior Court* (2021) 73 Cal.App.5th 283

(*Grassi*); *Tan v. Superior Court* (2022) 76 Cal.App.5th 130 (*Tan*).) We agree with the reasoning in those authorities and will therefore deny the petition for writ of mandate.

This matter presents a single issue: whether misdemeanor DUI defendants are categorically ineligible from Penal Code section 1001.95 diversion by operation of Vehicle Code section 23640. The issue is a question of statutory interpretation, which we review de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "We begin by examining the statute's words, giving them a plain and commonsense meaning." (*Ibid.*) We "consider the language of the entire scheme and related statutes, harmonizing the terms when possible." (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 632.) "When the language of a statute is clear, we need go no further." (*People v. Flores* (2003) 30 Cal.4th 1059, 1063 (*Flores*).) It is only when language is susceptible of more than one reasonable interpretation that "we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " (*In re M.M.* (2012) 54 Cal.4th 530, 536.)

Penal Code section 1001.95, subdivision (a) states: "A judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions." Penal Code section 1001.95, subdivision (e) states that a "defendant may not be offered diversion" for any of the following charged offenses: Penal Code section 273.5 (inflicting corporal injury on a domestic violence victim); Penal Code section 243, subdivision (e) (battery on a domestic violence victim); Penal Code section 646.9 (stalking); and any offense for which a person would have to register under Penal Code section 290 (sex offender registration).

2

Vehicle Code section 23640, subdivision (a) provides: "In any case in which a person is charged with a violation of Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program."

### GRASSI V. SUPERIOR COURT AND TAN V. SUPERIOR COURT

Two appellate courts have considered the identical issue presented here and determined that misdemeanor DUI defendants are categorically ineligible for Penal Code section 1001.95 diversion by operation of Vehicle Code section 23640. (*Grassi*, *supra*, 73 Cal.App.5th 283, 308; *Tan*, *supra*, 76 Cal.App.5th 130.) As both decisions rely on similar reasoning, we summarize only the latter.

Tan petitioned for a writ of mandate in the appellate court after the trial court denied his petition for Penal Code section 1001.95 diversion in a misdemeanor DUI case. (*Tan*, *supra*, 76 Cal.App.5th at p. 135. Undesignated statutory references are to the Penal Code.) The *Tan* court first examined the language of the two relevant statutes, noting that section 1001.95 vests judges with discretion to offer diversion for misdemeanor defendants unless the offense is one listed in subdivision (e) of that section, whereas under Vehicle Code section 23640 "diversion is categorically unavailable to DUI defendants." (*Tan*, at p. 137.) The court harmonized the statutes by interpreting Vehicle Code section 23640 as an exception to the availability of diversion provided by section 1001.95. The court noted that "section 1001.95 does not make specific reference

3

to Vehicle Code section 23640, nor does it include any other language indicating an intent to establish an exception to section 23640's unambiguous prohibition of diversion in all DUI cases." (*Tan,* at p. 138.) The court reasoned that "nothing in the language of [section 1001.95,] subdivision (e) indicates that the list of offenses is exclusive," and excluding DUI offenses based on Vehicle Code section 23640 therefore did not conflict with the language of section 1001.95. (*Tan,* at p. 139.) Because "nothing in section 1001.95 indicates an affirmative intent to allow misdemeanor diversion for DUIs and Vehicle Code section 23640 clearly prohibits it," the court concluded that section 1001.95 diversion is categorically unavailable to DUI defendants. (*Tan,* at p. 139.)

The *Tan* court went on to address other arguments about legislative intent. Regarding legislative history, the court determined the "very limited legislative history available" did not provide any clarity regarding legislative intent. (*Tan*, *supra*, 76 Cal.App.5th at p. 140.) Statements in early floor analyses of what would become section 1001.95 to the effect that no misdemeanors would be statutorily excluded were contrary to the final text of the legislation and its four non-exclusive categories of ineligible offenses. (*Tan*, at pp. 140–141; see § 1001.95, subd. (e).) Floor statements by one assemblymember and one senator to the effect that DUI defendants would be eligible for diversion under what would become section 1001.95 were unpersuasive because "we cannot rely on statements from individual legislators as reflections of the Legislature's collective intent." (*Tan*, at p. 141; citing *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 572, fn. 5.)

Regarding Tan's arguments about the canons of statutory construction, the *Tan* court "agree[d] with the thoughtful analysis of the *Grassi* court that these general canons of statutory construction are of little assistance in resolving the question posed here." (*Tan*, *supra*, 76 Cal.App.5th at p. 143; see *Grassi*, *supra*, 73 Cal.App.5th at pp. 303–307.) The principle that more specific statutory provisions prevail over general ones does not

4

resolve the issue because either statute can be construed as the more specific depending on the focus. And "while generally later enacted statutes prevail over earlier enacted statutes, in this case application of that principle conflicts with the command that we are to construe statutes together where possible and avoid implied repeals of existing law." (*Tan*, at p. 143.) The court also concluded that the rule of lenity (which calls for ambiguity in a criminal statute to be resolved in a defendant's favor) applies only when there is an " ' " 'egregious ambiguity and uncertainty' " ' " in a statute and there is no such ambiguity in the statutes at issue. (*Id.* at p. 142, fn. 7.)

The *Tan* court considered the interaction between Vehicle Code section 23640 and other diversion statutes, including sections 1001.20 (developmental disabilities) and 1001.36 (mental health disorders). (*Tan*, *supra*, 76 Cal.App.5th at pp. 149–151.) The court explained that comparisons to those diversion programs did not aid in resolving this issue because the "other diversion programs and their legislative histories are all marked by significant differences from section 1001.95." (*Id.* at p. 150.) Even after considering other diversion programs and cases interpreting them, the court remained "unconvinced the failure to use the same exclusionary language employed in other diversion statutes reflects legislative intent to allow diversion for a group of offenders expressly prohibited from qualification under Vehicle Code section 23640." (*Id.* at p. 151.) The *Tan* court concluded "section 1001.95 and Vehicle Code section 23640 can be harmonized and read together so that section 1001.95 allows a judge to grant misdemeanor diversion in his or her discretion except when a defendant has been charged with a DUI or one of the offenses listed in section 1001.95, subdivision (e)." (*Ibid.*)

**PETITIONER IS CATEGORICALLY EXCLUDED FROM SECTION 1001.95 DIVERSION**

Petitioner's arguments mirror those that were thoroughly addressed in the well-reasoned *Tan* and *Grassi* opinions.[1] Petitioner suggests that other materials not discussed in *Tan* shed light on legislative intent, including a statement from the Legislative Counsel's Digest and a signing statement from the Governor. But those materials are not germane to our review because the plain language of the two statutes, considered together, is unambiguous. (*Flores*, *supra*, 30 Cal.4th at p. 1063; see also *Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 582, fn. 12 [Governor's post hoc signing statement not binding, and not a reliable indicator of legislative intent]; *California Teachers' Assn. v. Governing Board* (1983) 141 Cal.App.3d 606, 614 ["If a law is clear the Legislative Counsel's Digest must be disregarded."].) We agree with *Tan* and *Grassi*, and conclude that petitioner is categorically ineligible for diversion under section 1001.95 by operation of Vehicle Code section 23640.

**DISPOSITION**

The petition for writ of mandate is denied. Upon issuance of the remittitur, the temporary stay order is vacated.

---

[1] Petitioner was charged in this case several months before section 1001.95 took effect in January 2021. Though not addressed by the parties, consistent with *Grassi* and *Tan* we conclude that the new law applies retroactively to nonfinal cases like petitioner's because it provides a potential ameliorative benefit to criminal defendants. (*Tan*, *supra*, 76 Cal.App.5th at p. 136, fn. 5; citing *In re Estrada* (1965) 63 Cal.2d 740.)

_____
Grover, J.

**WE CONCUR:**

_____
Elia, Acting P. J.

_____
Wilson, J.

H049445 - *Islas v. Superior Court*

| | |
|---|---|
| Trial Court | Santa Clara County Superior Court<br>Case Nos.: F20001358, 21AP002718 |
| Trial Judge | Hon. Jacqueline M. Arroyo |
| Attorneys for Petitioner<br>Alicia Urbieta Islas | Daniel H. Vaswani<br>Joseph Patrick McPeak.<br>Simone Ernia Chambliss<br>Red Metric APC |
| Attorneys for Respondent<br>The Superior Court of Santa Clara<br>County | No appearance for Respondent |
| Attorneys for Real Party in Interest<br>The People of the State of California | Jeffrey F. Rosen<br>District Attorney<br>S. Sheryl Leung<br>Deputy District Attorney<br>County of Santa Clara |