Filed 12/11/14  P. v. Hostia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039403 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1108757) |
| v. | |
| MICHAEL HOSTIA, | |
| Defendant and Appellant. | |

Defendant Michael Hostia pleaded no contest to one count of annoying or molesting a child under the age of 18 with a prior conviction (Pen. Code, § 647.6, subd. (c)(2))[1] in exchange for a prison sentence of two years, deemed served due to Hostia's accumulated custody and conduct credits.  During the hearing on his change of plea, the trial court advised Hostia that "attorney's [*sic*] fees . . . will be awarded in this case to compensate for the Public Defender."

At sentencing, the trial court imposed the agreed-upon sentence, but made no oral pronouncement regarding attorney fees.  The minute order and abstract of judgment, however, reflect an award of $1,500 in attorney fees.  The trial court also imposed a restitution fund fine of $480 "pursuant to the formula set forth in [section] 1202.4[, subdivision (b)(2)] . . . , and an additional amount of four hundred eighty dollars is imposed but suspended."

---

[1] Further unspecified statutory references are to the Penal Code.

On appeal, Hostia argues that the award of attorney fees must be stricken since it was not part of the trial court's oral pronouncement of sentence, and further because it is not supported by any evidence that Hostia has the ability to pay those fees. He further argues that his restitution fund fine must be reduced from $480 to $400 because the trial court erroneously calculated that fine using the version of the statute in effect at the time of sentencing rather than the version in effect at the time of the offense.

We agree with both of Hostia's contentions and shall reverse and remand for resentencing.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Because the underlying facts are irrelevant to the issues argued on appeal, we provide only a summary. On June 4, 2011, Hostia drove by three young girls, ages nine to 12, stared at them and told them to get in his car. The girls ran home instead. A couple of days later, Hostia slowly drove by two of the same girls as they walked home from the bus stop after school.

Hostia was charged in an amended information with three counts of annoying or molesting a child under the age of 18 with a prior conviction. (§ 647.6, subd. (c)(2).) The information also alleged Hostia had one strike prior and one prison prior. (§§ 667, subds. (b)-(i), 1170.12, 667.5, subd. (b).)

Hostia's first trial ended in a mistrial after the jury announced it was deadlocked. His second jury trial also ended in a mistrial when that jury was unable to reach a verdict.

On November 28, 2012, Hostia pleaded no contest to one count of annoying or molesting a child under the age of 18 with a prior conviction. At the change of plea hearing, the trial court discussed the various fines and fees that could be imposed, and stated, "[t]here also will be attorney's [*sic*] fees that will be awarded in this case to compensate for the Public Defender." Hostia acknowledged his understanding that the fines and fees were not part of the plea bargain and would be imposed at sentencing.

2

In its presentence report, the probation department recommended, among other things, "A Restitution Fine of $480.00 be imposed under the formula permitted by Penal Code Section 1202.4(b)(2)." Following the numbered list of recommendations, the following typewritten line appears, "NOTE: Attorney fees if appropriate." The sum "$1500" is hand-written next to that line. The trial judge signed the presentence report, indicating that it was "read and considered by the Court."

At the sentencing hearing, the trial court sentenced Hostia to two years in state prison, with the sentence deemed served in full. The court also imposed a restitution fund fine of $480 "pursuant to the formula set forth in" section 1202.4, subdivision (b)(2) and an additional $480 was imposed and suspended. The trial court's oral pronouncement did not mention attorney fees or Hostia's ability to pay such fees. However, both the minute order and the abstract of judgment indicate that Hostia is ordered to pay $1,500 in attorney fees.

## II. DISCUSSION

### A. Attorney fees

Hostia contends the award of attorney fees which appears in both the minute order and the abstract of judgment should be stricken because the trial court did not mention such fees when orally pronouncing sentence. He also argues the award is improper because there is no evidence to support a finding he has the ability to pay them.

### 1. Standard of review

It has long been held that where there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) On the other hand, a record that is in conflict will be harmonized if possible. (*People v. Smith* (1983) 33 Cal.3d 596, 599 (*Smith*); *People v. Harrison* (2005) 35 Cal.4th 208, 226.) If it cannot be harmonized, whether one portion of the record should

3

prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case.  (*Smith*, *supra*, at p. 599.)

### 2. *The issue is not forfeited*

The People's first line of defense to this argument is that Hostia forfeited this claim by not objecting below, citing *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).[2]  We disagree.

In *McCullough*, the California Supreme Court held that failure to object to the imposition of booking fees waived the issue on appeal.  In reaching its conclusion, the *McCullough* court expressly distinguished the booking fee statute at issue from other fee statutes, including section 987.8, the statute governing the imposition of attorney fees. (*McCullough*, *supra*, 56 Cal.4th at p. 598.)  The *McCullough* court noted that, in contrast to the booking fees statute, these other statutes "provide procedural requirements or guidelines for the ability-to-pay determination."  (*Ibid*.)  *McCullough* concluded this distinction indicated "that the Legislature considers the financial burden of the booking fee to be de minimis," making "the rationale for forfeiture . . . particularly strong."  (*Id*. at p. 599.)

As the *McCullough* court acknowledged, section 987.8 imposes guidelines that must be followed before the trial court may order reimbursement of attorney fees. Section 987.8, subdivision (b) provides in relevant part, "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the

---

[2] The California Supreme Court is currently considering whether this contention--that *McCullough* requires a defendant to contemporaneously object to an order imposing attorney fees under section 987.8--is correct.  (*People v. Aguilar*, review granted Nov. 26, 2013, S213571.)

defendant to pay all or a portion of the cost thereof." Under the reasoning of *McCullough*, these procedural safeguards indicate that the Legislature does not consider the financial burden of attorney fees to be de minimis and counsel against forfeiture of the right to challenge an award of such fees. Accordingly, we conclude Hostia's challenge is not forfeited under *McCullough*.

Substantively, the People argue that the matter should be returned to the trial court for further proceedings on the question of attorney fees. In his reply papers, Hostia rejects this alternative, stating that because the trial court did not orally pronounce it was imposing such fees, we must presume it found he did not have the ability to pay them. We disagree with this analysis.

As discussed above, where the record is in conflict we must harmonize it when possible. (*Smith*, *supra*, 33 Cal.3d at p. 599.) Here, although there was no oral pronouncement of attorney fees at sentencing, the trial court advised Hostia it would impose such fees at the change of plea hearing and there was also a notation of such fees added to the presentence report. Under these circumstances, we cannot presume that the trial court considered and rejected imposing attorney fees on Hostia, let alone that it did so based on a finding he lacked the ability to pay.

Our Supreme Court has stated, "Recoupment statutes such as section 987.8 [subdivision] (b) reflect a legislative concern for ' "replenishing a county treasury from the pockets of those who have directly benefited from county expenditures." ' [Citations.] ' "Recoupment proceedings may protect the State from fraudulent concealment of assets and false assertions of indigency. Many States, moreover, face expanding criminal dockets, and this Court has required appointed counsel for indigents in widening classes of cases and stages of prosecution. Such trends have heightened the burden on public revenues, and recoupment laws reflect legislative efforts to recover some of the added costs." ' " (*People v. Flores* (2003) 30 Cal.4th 1059, 1063.) "Defendant may not be able to pay the [full amount] ordered by the trial court, but he

5

may be able to pay something, and if he can, he is obligated by the statute to do so." (*Id.* at pp. 1068-1069.) In accordance with the policy objectives identified in *Flores*, the matter must be remanded to the trial court for a determination of Hostia's present ability to pay. (*Id.* at p. 1068.)

### B. *Restitution fund fine*

Following the recommendation set forth in the probation report, the trial court imposed a restitution fine of $480 "pursuant to the formula set forth in 1202.4[, subdivision (b)(2)] of the Penal Code." Hostia contends this calculation was erroneous, because, at the time the instant offense was committed, the statute provided that "the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Former § 1202.4, subd. (b)(2).) Accordingly, the fine should have been $400, rather than $480.

Effective January 1, 2012, the statute was amended to provide that the restitution fine, "shall not be less than two hundred forty dollars ($240)." (Stats. 2011, ch. 358, § 1.)[3] However, in both the former and current versions of section 1202.4, subdivision (b)(1), the statute provides that the "restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense" and permits the court to impose a fine up to $10,000. The trial court has the discretion to impose a fine anywhere within the statutory range, absent an express agreement otherwise. (*People v. Villalobos* (2012) 54 Cal.4th 177, 186.)

In this case, although the amount of the fine is within the range permitted under the version of section 1202.4 in effect at the time of the charged offense (i.e., from $200 to $1,000), the record seems clear that both the probation department and the trial court

---

[3] The minimum fine was increased to $280 as of January 1, 2013 and $300 as of January 1, 2014. (Stats. 2011, ch. 358, § 1.)

erroneously calculated the fine using the 2012 version of the statute, presuming that the minimum fine was $240 rather than $200. Though the trial court may, on remand, exercise its discretion to impose the exact same fine of $480, we do not know that this would be the outcome if it started with the proper minimum fine.

The People again contend that Hostia has forfeited this argument on appeal because he failed to object to it below. Assuming without deciding that the argument has not been forfeited, and given the fact that we are remanding the matter for further proceedings relating to the imposition of attorney fees, there seems little reason the trial court should not also revisit the amount of the restitution fund fine.

## III.    DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to vacate its previous order directing Hostia to pay $1,500 in attorney fees. The court shall then either conduct a noticed hearing on Hostia's ability to pay attorney fees pursuant to Penal Code section 987.8 or direct the clerk of the court to amend the abstract of judgment to strike the attorney fee order. The court may impose a new order to pay attorney fees if it determines that Hostia has the ability to pay. The trial court is further directed to strike the restitution fund fine of $480 and impose a new fine in accordance with the version of Penal Code section 1202.4, subdivision (b)(2) in effect at the time of the charged offense. The remainder of the judgment is unaffected by this decision.

7

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Elia, J.