Filed 4/28/15  P. v. Leith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS WADE LEITH,<br><br>Defendant and Appellant. | C074381<br><br>(Super. Ct. No. 09F06020) |

Defendant Travis Wade Leith was convicted of offenses requiring registration as a sex offender.  The trial court granted probation, and defendant appealed the conviction.  Among other things, defendant argued that the trial court abused its discretion by imposing GPS monitoring as a condition of probation.  (*People v. Leith* (May 13, 2014, C068237 [nonpub. opn.].)  Two years after the trial court granted probation and while the judgment was on appeal in this court, the trial court modified the conditions of defendant's probation under the recently enacted Chelsea King Child Predator Prevention

1

Act of 2010 (Chelsea's Law) requiring defendant to participate in a sex offender management program, participate in polygraph examinations, waive his privilege against self-incrimination, and waive his psychotherapist-patient privilege.[1]  After the trial court modified the conditions of probation, this court affirmed the judgment, *which included the unmodified conditions of probation.*

On appeal from the modification of the conditions of probation, defendant contends that the trial court improperly modified the conditions of probation because the notice of appeal divested the trial court of jurisdiction.  We agree and therefore reverse.

Because we agree with the jurisdictional argument and reverse, we need not consider defendant's remaining contentions.[2]

## DISCUSSION

Generally, in a criminal case, "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.  [Citations.]"  (*People v. Perez* (1979) 23 Cal.3d 545, 554

---

[1]     Chelsea's Law, as enacted in Penal Code section 1203.067 (hereafter, section 1203.067), requires the trial court to impose conditions relating to a sexual offender management program when a defendant must register as a sexual offender and is granted probation.  (Stats. 2010, ch. 219, §§ 1, 17.)

[2]     Defendant contends:  (1) the trial court improperly modified the conditions of probation because there was no change of circumstances, (2) application of section 1203.067 to defendant violated the prohibition on ex post facto laws, (3) compelled waiver of his privilege against self-incrimination violates the Fifth Amendment, and (4) compelled waiver of his psychotherapist-patient privilege violates his due process rights.  The California Supreme Court is currently reviewing the constitutionality of the section 1203.067 probation conditions in *People v. Garcia* (2014) 224 Cal.App.4th 1283, review granted July 16, 2014, S218197, *People v. Friday* (2014) 225 Cal.App.4th 8, review granted July 16, 2014, S218288, and *People v. Klatt* (2014) 225 Cal.App.4th 906, review granted July 16, 2014, S218755.  We also need not consider whether section 1203.067 is retroactive, a matter concerning which we solicited supplemental briefing from the parties.

(*Perez*).)  Thus, the filing of a valid notice of appeal deprives the trial court of jurisdiction to make any order affecting the judgment.  (*In re Osslo* (1958) 51 Cal.2d 371, 379-380 (*Osslo*).)  " '[A]n appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court.'  [Citation.]"  (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044; see also *People v. Brewer* (Mar. 13, 2015, C075255) __ Cal.App.4th ___ [trial court's power suspended while appeal is pending].)

"The purpose of the rule depriving the trial court of jurisdiction in a case during a pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it."  (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938, quoted in *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089 (*Townsel*).)

"Jurisdiction [in the superior court] survives, however, where provided by statute. [Citations.]"  (*People v. Flores* (2003) 30 Cal.4th 1059, 1064.)  Two examples of statutory exceptions to the rule that the superior court loses jurisdiction when a notice of appeal is filed are (1) recall of the sentence (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757) and (2) a hearing on ability to pay for court-appointed counsel (*People v. Turner* (1993) 15 Cal.App.4th 1690, 1697-1698).  In those instances, the trial court retains jurisdiction to take the postjudgment action allowed by statute.

Jurisdiction in the superior court also survives as to matters " 'not affected by the judgment or order.'  [Code Civ. Proc., § 916, subd. (a).)]  Thus, during the pendency of an appeal . . . , the trial court 'retains certain powers over the parties and incidental aspects of the cause . . . .'  [Citation.]"  (*Townsel, supra,* 20 Cal.4th at pp. 1089-1090, original italics.)  For example, in *Townsel*, the trial court in a capital case retained jurisdiction to prohibit the defendant's appellate counsel from contacting trial jurors without first obtaining the trial court's approval while the automatic appeal to the Supreme Court was pending.  (*Id.* at pp. 1089-1091.)

3

With respect to an appealed probation order, specifically, "the trial court retains jurisdiction to supervise a probationer and to punish violations of any probationary conditions. [Citations.]" (*In re Omar R.* (2003) 105 Cal.App.4th 1434, 1439.)

In *Osslo*, the Supreme Court noted that "probation essentially calls for continuing supervision of the probationer and maintaining jurisdiction and power in the trial court to act in respect to such supervision." (51 Cal.2d at p. 380.) To support this statement, the court cited Penal Code section 1203.3, which gives the trial court " 'authority at any time during the term of probation to revoke, modify, or change its order . . . .' " (*Osslo, supra,* at p. 380.) But the court reasoned: "It could also be argued that a trial court should not, while an appeal is pending, make any change in the original conditions of probation other than such as might become necessary or expedient by reason of some act or default of the defendant or some event or circumstance not connected with the appeal from the order." (*Id.* at p. 381.)

Here, there is no applicable exception to the rule that a trial court loses jurisdiction over a judgment while that judgment is subject to the jurisdiction of the appellate court. The conditions of defendant's probation were central to the judgment and to defendant's appeal of the judgment, and the modification of the probation conditions while the judgment was on appeal resulted in our affirmance of the unmodified probation order. Also, there is no allegation that defendant violated probation, causing the trial court to consider whether to punish such violation. Therefore, the trial court did *not* retain jurisdiction over probation conditions as a matter "not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).)

The Attorney General argues that the trial court had jurisdiction to modify the terms of defendant's probation while the judgment was on appeal because there was a change in circumstances – that is, a change in law as a result of the enactment of Chelsea's Law. This argument, however, conflates two related but distinct inquiries concerning jurisdiction. The first (our inquiry here) is whether a court has jurisdiction to

4

modify probation conditions *while the judgment is on appeal*. The second is whether a court has jurisdiction to modify probation conditions when, during the probationary period, there is a change of circumstances. Those two inquiries raise different issues. The first raises the issue of whether the trial court is divested of jurisdiction because of the appeal, which divestment is the normal result of an appeal. (*Perez, supra,* 23 Cal.3d at p. 554.) The second does not pertain to the court's divestment of jurisdiction because of an appeal. Instead, it deals only generally with the court's jurisdiction over a probation order while a defendant is on probation. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1092 [court retains jurisdiction to modify probation order].)

As noted in *Osslo*, a trial court should not change the conditions of probation while the case is on appeal unless there are facts justifying that change. Here, there were no such facts. While there was a change in the law, the trial court could consider that change in law after remittitur from this court and decide whether to modify the conditions of probation. We note that the prosecutor made no motion or argument in this court during the pendency of the appeal that the enactment of Chelsea's Law required modification of probation conditions. Because there was no such motion or argument, we did not consider the matter.

We therefore conclude that the notice of appeal divested the trial court of jurisdiction over the conditions of probation under the circumstances of this case where there was no violation of probation and the conditions of probation were a matter under consideration in this court.

DISPOSITION

The order modifying the conditions of probation is reversed.

      NICHOLSON     , J.


We concur:


      RAYE         , P. J.


      ROBIE        , J.

6